United States District Court
Southern District of Texas
**ENTERED**
August 22, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 3D/INTERNATIONAL, INC., *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-02432 |
| | § § | |
| JOSEPH F. ROMANO, | § § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiffs' 3D/International, Inc., ("3D/I") Parsons International Ltd. and Parsons Ingenieria, S. de R.L. de C.V. (Collectively "Plaintiffs") Motion for Summary Judgment (Doc. #19), Defendant Joseph F. Romano's Response and Motion for Summary Judgment (Doc. #22), Plaintiffs' Reply (Doc. #24), and Plaintiffs' Response to Defendant's Motion for Summary Judgment (Doc. #25). After considering the parties' arguments, submissions and the applicable legal authority, the Court denies Plaintiffs' Motion for Summary Judgment and grants Summary Judgment in favor of Defendant.

**I.   Background**

Defendant was previously employed with Parsons as Senior Design Manager of the Parsons Mexico City Airport Project ("Mexico Project"). In December 2014, Defendant was offered this position with Parsons and assigned to a Parsons Mexican Service Company based in Mexico City with an expected start date of January 12, 2015. Doc. #19, Ex. 4. Defendant accepted the job offer on December 24, 2014. *Id.* Defendant began living and working in Mexico in January of 2015. Defendant received employment benefits pursuant to the offer letter upon arriving in Mexico. Doc. #19, Ex. 4; Doc. #22, Ex. 1 at 4 ¶¶ 8, 9.

On July 14, 2015, Defendant was emailed several agreements that were presented to

Defendant as being part of the process of transitioning the Mexico Project staff to "a new Parsons entity (3D/I)." Doc. #26 at 7. The final copies of all agreements: the Local Mexico Agreement ("Employment Contract") (Doc. #19, Ex. 5), the Long Term International Assignment Agreement ("LTIAA") (Doc. #19, Ex. 6), and the Agreement Regarding Employment Arrangements ("AREA") (Doc. #19, Ex. 7) were emailed to Defendant on July 22, 2015. The Employment Contract and the LTIAA list an effective date of July 27, 2015. Doc. #19, Ex. 5 at 8; Ex. 6 at 1. The AREA was executed on July 31, 2015 ("the Parties sign this Agreement effective as of the date of the last signature affixed hereto below."). Doc. #19, Ex. 7 at 3. Defendant signed and returned the Employment Contract, the LTIAA, and the AREA and continued working on the Mexico Project.

In April of 2017, Defendant was informed that Parsons was terminating his Mexico City assignment effective July 31, 2017. Doc. #22, Ex. 1 ¶ 20. On September 29, 2017, Defendant filed a lawsuit in Mexico City for wrongful dismissal. Doc. #19, Ex. 11.

Plaintiffs then filed this lawsuit for declaratory judgment, breach of contract, and injunctive relief. Doc. #1, Ex. 1. The declaratory judgment action seeks to have the Court declare the rights of the parties under the employment agreements, specifically the AREA. Plaintiffs argue that Defendant breached the AREA by filing a lawsuit in Mexico against Plaintiffs concerning the termination of his employment. Furthermore, Plaintiffs seek to have this Court enjoin the Mexico court proceedings. Lastly, Plaintiffs argue that if Defendant prevails in the Mexico court proceedings that his award would constitute unjust enrichment. Both parties now move for summary judgment as to all of Plaintiffs claims.

**II.     Legal Standard**

"Summary judgment is required when 'the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. Analysis

#### A. Breach of Contract

Plaintiffs allege that Defendant breached the AREA by filing a lawsuit against Plaintiffs in Mexico arguing that the AREA is a waiver of Defendant's Mexican labor rights. Defendant argues that the AREA is unenforceable because it lacked consideration and it is illegal because it was formed with the aim of violating Mexican Labor Laws.

Plaintiffs provided Defendant with two employment contracts, the LTIAA and the Mexican Employment Contract. The third contract, the AREA, Plaintiffs presented as an Employment Arrangement (Indemnity) Agreement. Doc. #26 at 5.

The AREA states that,

> Employee has signed or will sign a labor agreement with Parsons Ingeneria (the "Mexican Contract") which contract is a requirement of Mexican Federal Labor Law (The "Mexican Labor Law") in order for Employee to work in Mexico on the Project. This Agreement affects certain rights that Employee would otherwise have under Mexican law and the Mexican Contract. Specifically, Employee voluntarily waives certain of those rights and to undertake additional obligations toward Employer as described herein in consideration of being employed by Employer on the Project and receiving compensation and benefits he would not otherwise receive (the "Additional Benefits").

Doc. #19, Ex. 7 ¶ 2. The AREA goes on to list the "Additional Benefits" and then states,

> "The Employee waives the right to make any claims to any employment, social security or any other type of benefit that could be afforded him by the Mexican Labor Law, the Mexican Social Security Law or any other Mexican law in connection with employment services performed for Employer or its related companies in Mexico . . . .

*Id.* at ¶ 4. The AREA is not an Employment Contract but rather a waiver of Mexican employment law—Plaintiffs themselves referred to the AREA as an "Indemnity" agreement. Doc. #26 at 5.

The AREA is invalid or unenforceable for several reasons. First, the AREA was executed after the Employment Contract and the LTIAA and purports to modify the Employment Contract and waive employment rights without additional consideration.

A contract modification must satisfy the traditional requirements of a contract; there must be a meeting of the minds supported by consideration. *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 145 (Tex. App.—Corpus Christi 2006, pet. denied); *Boondoggles Corp. v. Yancey*, No. 01-05-00185-CV, 2006 WL 2192708, at *6 (Tex. App.—Houston 2006, no pet.) (mem. op.). "Consideration is a present exchange bargained for in return for a promise." *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991) (citing *Connell v. Provident Life & Accident Ins. Co.*, 224 S.W.2d 194, 196 (1949). It may consist of a benefit that accrues to one party or a

4

detriment incurred by the other party. *See Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 315 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing *Roark*, 813 S.W.2d at 496). When a party agrees to do no more than what it is already bound to do under an existing contract, the consideration cannot support a modification. *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 702 (Tex. App.—Dallas 2008, no pet.). The Employment Contract and the LTIAA were effective July 27, 2015. The AREA was effective July 31, 2015. The purpose of the AREA was to take away rights the Defendant was otherwise entitled to but there was no additional consideration for his purported "wavier" of his rights under Mexican law. The "Additional Benefits" that Plaintiffs listed as "consideration for being employed by Employer on the Project and receiving compensation" were all benefits that Defendant was already offered and that he had accepted and received through his employment offer letter, Employment Contract, LTIAA, and the benefits summary attached thereto. Doc. #22, Ex. 1 at 8–9; 18–63; Ex. 19, Ex. 4–6. Furthermore, Defendant was already employed on the project through the Employment Contract and the LTIAA. Accordingly, because the AREA was not supported by consideration, it is not a valid contract and is therefore unenforceable.

Second, the AREA is unenforceable because it is an explicit attempt to circumvent Mexican employment laws. "Under Texas contract law, it is well settled that a contract made with a view of violating the laws of another country, though not otherwise obnoxious to the laws either of the forum or of the place where the contract is made, is illegal and will not be enforced." *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 707 (5th Cir. 1999) (citing *Ralston Purina Co. v. McKendrick*, 850 S.W.2d 629, 639 (Tex.App.—San Antonio 1993, writ denied)) (quoting *San Benito Bank & Trust Co. v. Rio Grande Music Co.*, 686 S.W.2d 635, 638 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.)). The AREA is expressly made with

a view of avoiding both Mexican Labor Law and the Mexican Contract (which is required by Mexican Labor Law). Plaintiffs' Mexican law expert states that the compensation that Defendant is seeking in his Mexico lawsuit is compensation "mandated by the Mexican Constitution and Federal Labor Law." Doc. #19, Ex. 15 at 3. Furthermore, "there is no waiver or release of such claims under Mexican law." *Id.* at 4. The AREA is a direct attempt to violate Mexican law because it requires Defendant to waive rights that are mandated by Mexican law for the benefit of people working in Mexico which are not waivable under Mexican law. Accordingly, because the AREA was made with a view of violating the labor laws of Mexico, it is illegal and will not be enforced.

Furthermore, "[i]t is against public policy of the domestic forum to encourage willful attempts to break foreign law." *Access Telecom, Inc.*, 197 F.3d at 708. Mexico is the country in which the employment contract was formed with the Defendant, and the country where the project that was the subject of Defendant's employment was located. Plaintiffs' attempt to contract around Mexican Labor Law is a direct attempt to benefit from having employees work in Mexico while avoiding the very laws of Mexico designed to protect people working in Mexico. Certainly, the United States would not allow a company to indemnify itself from, or contract away, its obligations under state and federal labor laws such as the FLSA which are designed to protect people working in the United States. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."); *see also Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001) ("Allowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute. We

therefore hold that the Company has no right to indemnification for damages assessed under the FLSA"). As such, the Court will not enforce the AREA, which is a blatant attempt to contract away obligations that Plaintiffs would otherwise potentially owe employees under Mexican law.

### B. Declaratory Judgment and Injunctive Relief

Plaintiffs ask the Court to declare their rights under the AREA and find that Defendant may not continue to prosecute his labor suit in Mexico. Doc. #1, Ex. 1 at 7. Furthermore, Plaintiffs ask the Court to enjoin Defendant's Mexican labor lawsuit and order Defendant to remit any sums awarded him in the Mexican lawsuit to Plaintiffs. *Id.* at 8. The Court will do neither.

"The doctrine of international comity denotes the deference that courts of the United States should give the acts of foreign governments and their courts." *Corning Inc. v. Talancon*, No. CV M-08-117, 2009 WL 10693893, at *3 (S.D. Tex. Mar. 31, 2009) (quoting *Pan Eastern Exploration Co. v. Hufo Oils*, 798 F.2d 837, 839 (5th Cir. 1986)). "Mexico has a valid interest in ensuring that its federal employment laws are given effect within its borders." *Id.* "When another country's interest in a suit is fundamental to its labor law and when the foreign suit was filed before the U.S. suit, comity mandates that we decline jurisdiction over a Declaratory Judgment Action claim." *Corning Inc.*, 2009 WL 10693893 at *3. Here, Defendant is not violating any United States laws or a United States contract by filing his lawsuit in Mexico (the AREA is not a valid contract, nor was the contract formed in the United States). Furthermore, Defendant's Mexican labor lawsuit was filed on September 29, 2017. This lawsuit was filed on April 27, 2018. Doc. #1, Ex. 1. As discussed, the Mexico lawsuit is fundamental to Mexican Labor Law and it was filed before this lawsuit. Accordingly, the Court denies Plaintiffs' requested declaratory relief.

Additionally, the Court is aware of no case, neither have Plaintiffs cited to any, where a

7

federal court has enjoined a party from proceeding with a foreign suit that was initiated before the United States lawsuit. Therefore, Plaintiffs' requested injunctive relief is also denied.

### C. Unjust Enrichment

Plaintiffs' unjust enrichment claim is a rehash of their other claims with the argument that allowing Defendant to pursue employment benefits under Mexican law would amount to double recovery. Doc. #1, Ex. 1 at 9. In Texas, "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment is not a proper remedy, however, merely because "the benefits to the person sought to be charged amount to a windfall." *Id.* Moreover, when the subject of the unjust enrichment claim is covered by an express contract, the unjust enrichment claim must be dismissed. *See Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 741 (Tex.App.—Houston [14th Dist.] 2000, no pet.). Here, Defendant has not yet obtained an award from the Mexican lawsuit. Furthermore, the subject matter of the unjust enrichment claim is covered by the Employment Contract and the LTIAA. Accordingly, Plaintiffs' unjust enrichment claim is dismissed.

### IV. Conclusion

For the foregoing reasons, the Court finds that the AREA is unenforceable. Accordingly, Plaintiffs' Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. All of Plaintiffs' claims against Defendant are hereby dismissed.

This is a FINAL JUDGMENT.

It is so ORDERED.

AUG 2 2 2019
_____                      _____
Date                                              The Honorable Alfred H. Bennett
                                                  United States District Judge